THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLEG CHURYUMOV | CASE NO.: 2:19-cv-00136-RSM |
| Plaintiff, | MOTION TO REMAND |
| v. | NOTE FOR MOTION CALENDAR: |
| AMAZON CORPORATE LLC;<br>UWAIS KHAN;<br>EDWIN MWANGO;<br>ANDREW BERG;<br>JOE RESUDEK;<br>ROBIN MENDELSON;<br>JEFF BEZOS;<br>BETH GALETTI | Friday, March 22, 2019 |
| Defendants. | |

Plaintiff's motion to remand
Case No. 2:19-cv-00136-RSM   1

Pro Se Oleg Churyumov
1037 NE 65th St #81067 Seattle, WA 98115
9175141426

## MOTION TO REMAND

1.      On 01/30/2019 Defendants filed the notice of removal the case from the Superior Court of King County to the Western District of Washington Court (Dkt. # 1 at p. 1 - 3).

2.      Defendants alleged: this action is removable under 28 U.S.C. §1441(a) because the Court has original jurisdiction under 28 U.S.C. §§ 1331; federal question jurisdiction exists because Plaintiff pleads multiple federal claims — namely, claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Family and Medical Leave Act of 1993; as Plaintiff asserts numerous claims within the original jurisdiction of the federal district Courts, this entire action is removable. 28 U.S.C. §§ 1331, 1441 (*Id.* ¶ 3).

3.      For the reasons set forth, the Plaintiff hereby moves for an order remanding this entire case to the Superior Court of King County, Washington (28 U.S.C. § 1447 (c)).

## GENERAL PRESUMPTION IS IN FAVOR OF REMAND

4.      In considering disputes concerning jurisdiction, a "district Court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." *Gorman v. Abbott Laboratories*, 629 F. Supp. 1196, 1203 (D.R.I.1986). A removing Defendant bears the burden of demonstrating that jurisdiction properly lies with the district Court, and that removal was, indeed, proper. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815 (5th Cir.1993); *Scott v. Communications Services*, 762 F. Supp. 147, 149 (S.D.Tex.1991).

5.      The removing party's responsibility "extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation-Chemical Group*, 520 F. Supp. 825, 827 (S.D.Tex. 1981). A Defendant's failure to satisfy this burden requires remand.

6.      Furthermore, when doubt exists as to the right to removal in the first instance, ambiguities are to be construed against removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979); *Samuel v. Langham*, 780 F. Supp. 424, 427 (N.D.Tex.1992); see also, *Fellhauer v. Geneva*, 673 F. Supp. 1445, 1447 (N.D.Ill.1987).

7.      Most of case law emphasize that the procedural requirements for removal from state to federal Court, although not jurisdictional, are to be strictly construed and enforced in favor of state Court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941);

*McManus v. Glassman's Wynnefield, Inc*., 710 F. Supp. 1043, 1045 (E.D.Pa.1989). There is nothing in the removal statute that suggests that a district Court has "discretion" to overlook or excuse prescribed procedures. Defective removal procedure is a proper ground for remand. *Foster v. Chesapeake Ins. Co*., Ltd., 933 F.2d 1207, 1215 (3d Cir.1991); *Employers Ins. of Wausau v. Certain Underwriters*, 787 F. Supp. 165, 166 (W.D.Wis.1992); *Shamrock Oil & Gas*, 313 U.S. at 108-09, 61 S. Ct. at 872; *Boyer v. Snap-On Tools Corp*., 913 F.2d 108, 111 (3d Cir.1990) (stating that "all doubts [about removal] should be resolved in favor of remand").

8. When there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. *Samuel v. Langham*, 780 F. Supp. 424, 427 (N.D.Tex.1992); see also, *Fellhauer v. Geneva*, 673 F. Supp. 1445, 1447 (N.D.Ill. 1987). "The district Court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." *Gorman v. Abbott Laboratories*, 629 F. Supp. 1196, 1203 (D.R.I.1986). "The removing party bears the burden of showing that removal was proper." *Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch*, 776 F. Supp. 437, 439 (E.D.Wis. 1991). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation-Chemical Group*, 520 F. Supp. 825, 827 (S.D.Tex. 1981).

## 28 U.S.C. §1441(a) IS NOT APPLICABLE

9. Defendants refer to 28 U.S.C. §1441(a) for removal of the action. Dkt. # 1 at ¶¶ 3-4. However 28 U.S.C. §1441(a) is not applicable here because of the following.

10. From the time of the Judiciary Act of 1789, the fundamental approach has been as follows: no part of a case can be removed unless the entire case is within federal jurisdiction. This is still the rule under the basic removal statute, 28 U.S.C. § 1441(a).

11. § 1441(a) only permits removal of entire cases and only if the entire case is within federal jurisdiction. 28 U.S.C. §1441(a) relates to any civil action brought in a State Court of which the district Courts of the United States have original jurisdiction. That means the whole case (action) should be subject for original jurisdiction of the federal Court.

12. However, not all the claims of Plaintiff are subject for original jurisdiction of the District Court. Apart from federal question claims, Plaintiff also has claims about violation of the Washington State Law (49.60 RCW; 49.12 RCW, breach of contract). Dkt. # 1-2 (Complaint) at ¶¶ 136-188. These claims are subject to consideration by the State Court; the district Courts of the United States don't have original jurisdiction over them.

Plaintiff's motion to remand  
Case No. 2:19-cv-00136-RSM   3

Pro Se Oleg Churyumov  
1037 NE 65th St #81067 Seattle, WA 98115  
9175141426

13. The district Court should remand the entire case because § 1441(a) permits removal only if the entire case is within the district Court's original jurisdiction (*Frances J. v. Wright*, 19 F.3d 337, 341-42 (7th Cir.) (treating "action" under § 1441(a) to mean entire case), cert. denied, 115 S. Ct. 204 (1994); *Nolan v. Boeing Co.*, 919 F.2d 1058, 1066 (5th Cir. 1990) ("In federal practice, the terms 'case' and 'action' refer to the same thing, i.e., the entirety of a civil proceeding...."), cert denied, 499 U.S. 962 (1991); *Gibson v. City of Glendale Police Dept.*, 786 F. Supp. 1452, 1457 (E. D. Wisc. 1992) ("Is the entire 'civil action' within the original jurisdiction of the district Court or is it not? If ... it is not, removal is improper .... ).

14. From the Judiciary Act of 1789 forward, it has been clear that the general removal statutes do not permit removal of an entire case on the basis that a part of the case is removable. Remand of the entire case was required if the case should not have been removed.

## 28 U.S.C. § 1441(c) LACK OF SUPPLEMENTAL JURISDICTION

15. District Court can't have the supplemental jurisdiction (28 U.S.C. § 1367) over the claim of breach of implied contract. Dkt. # 1-2 (Complaint) at ¶¶ 177-188. 28 U.S.C. §1441(c)(B).

16. This claim is the result of the transactions separate from other claims (promise of Khan for internal transfer, promise of Khan about the "pivot" procedure, promise of Khan about assigning tasks, etc).

17. Thus, if 28 U.S.C. §1441(a) is not applicable, the entire case—including the federal claims—should be remanded to state Court pursuant to 28 U.S.C. § 1441(c).

## LACK OF CONSISTENCY IN DEMAND FOR REMOVAL

18. Defendants ask to dismiss federal laws claims and remove case based on federal laws at the same time.

19. In their Motion to dismiss of 03/01/2019, Defendants propose to dismiss claims for relief under the ADA, Title VII, RCW 49.12.020 ("Inhuman Conditions of Employment"), the FMLA, and RCW 49.12.130 (Industrial Welfare Witness Protection) against all Defendants. Dkt. # 8 (Motion to dismiss) at p. 23, lines 2 - 5.

20. That means Defendants propose to leave 49.60 RCW and Breach of implied contract claims only which are the state law claims.

21. Thus, these remaining claims cannot be the subject of original jurisdiction of the District Court.

22. Thus, this motion contradicts with Defendants' Notice of removal of 01/30/2019 where Defendants list grounds for removal as a federal question. Dkt. #

1 at ¶¶ 3-4. If Defendants pray to dismiss federal question claims (ADA, FMLA and Title VII), there are no grounds for removal to the District Court. 28 U.S.C. § 1367(c)(3).

23. A federal Court retains discretion to remand a removed case if the federal law claims are no longer in the case and only the supplemental state law claims remain. *Hartman v. Cadmus-Cenveo Co*, Civ. No. 13-7494, 2014 U.S. Dist. LEXIS 131517 (E.D. Pa. Sept. 19, 2014).

## 28 U.S.C. § 1367(c) STATE CLAIMS PREDOMINATE

24. If federal claims are not dismissed, the case still should be entirely remanded to the state Court.

25. State claims predominate because of the following. There are no federal claims-analogues in the Plaintiff's complaint for state claims of breach of contract, RCW 49.12.130 (retaliation because of opposing unlawful inhuman employment conditions) and RCW 49.12.020 (Inhuman conditions of employment).

26. Also, FMLA 29 U.S. Code § 2615 and RCW 49.12.287 have similar basis because they are based on the same fact of retaliation for sick leave. However FMLA requires more evidence of serious health condition (29 U.S. Code § 2612(a)(1)(C)). At the same time RCW 49.12.287 does not require such evidence thus RCW 49.12.287 claim is stronger.

27. Other state and federal claims are jointly based on the same facts (discrimination and retaliation).

28. 28 U.S.C. § 1367(c)(2) prevents district Court from supplemental jurisdiction over predominated claim. Courts considering whether state claims predominate should consider primarily the relative weight and number of the claims. *Anspec Co. v. Johnson Controls, Inc*., 788 F. Supp. 951, 959-60 (E.D. Mich. 1992) (declining to exercise jurisdiction over three state law claims because they predominated over the single federal claim in number and weight); *Council of Unit Owners of the Wisp Condominium, Inc. v. Recreational Indus., Inc*., 793 F. Supp. 120, 123 (D. Md. 1992) (declining to exercise jurisdiction over 12 state claims with only one federal antitrust claim when the state claims were all inconsistent with the federal claim); *James v. Sun Glass Hut*, 799 F. Supp. 1083 (D. Colo. 1992) (suggesting that when the only federal claim is an age discrimination claim, the balance would favor not exercising jurisdiction over supplemental state claims).

## 28 U.S.C. § 1447(c) PROCEDURAL DEFECT: SUMMONS NOT ATTACHED

29. Removal procedures are governed by 81 FRCP, 28 U.S.C 1441-1455, LCR 101. Thus, removal procedure should comply with all of these statutes. Non-compliance constitutes a procedural defect.

30. 28 U.S.C. § 1447 (c) provides the cause for a motion to remand can be any defect other than lack of subject matter jurisdiction if filed within 30 days after the filing of the notice of removal under section 1446(a).

31. 28 U.S. Code § 1446 (a) makes it compulsory for a Defendant to include in a removal package a copy of all process, pleadings, and orders served upon such Defendant or Defendants in such action.

32. Defendant Amazon LLC confirmed it was properly served with the summons. Dkt # 1 at ¶ 1.

33. However, Amazon LLC did not attach in removal package the copy of initial summons signed by Plaintiff. This results in procedural defect if Plaintiff reports it in 30 days after the notice of removal. *Kisor v. Collins*, 338 F. Supp. 2d 1279, 1280-81 (N.D. Ala. 2004); *Andalusia Enterprises, Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290, 1300 (N.D. 2007).

### 28 U.S.C. § 1447(c) PROCEDURAL DEFECT: JURY DEMAND NOT ATTACHED

34. On 12/27/2019 the Plaintiff requested jury trial in his complaint to the King County Court of Washington State. Dkt. # 1-1 at p. 1, Dkt. # 1-2 at p. 1 and ¶ 205.

35. On 01/30/2019 Defendants filed the notice of removal the case from the Superior Court of King County to the Western District of Washington Court. Dkt. # 1 at ¶¶ 3-4.

36. On 01/31/2019 the Court issued a notice to filer about Jury Demand Improperly Submitted: A Jury Demand indicated only on a Notice of Removal, Civil Cover Sheet or State Court Complaint does not constitute a proper request in this Court, pursuant to LCR 101(b)(3). Dkt. # 7 at p. 1.

37. LCR 101(b)(3) provides: In cases removed from state Court, the removing defendant(s) shall file contemporaneously with the notice of removal a copy of any Jury Demand filed in the state Court, which must be filed as an attachment and labeled "Jury Demand".

38. Defendants attached the Plaintiff's complaint with the jury demand inside of it. However they did not label it as "Jury demand".

### 28 U.S.C. § 1447(c) PROCEDURAL DEFECT: INTRADISTRICT ASSIGNMENT NOT LISTED

39. LCR 101 (e) provides: in a case removed from state Court, the

Plaintiff's motion to remand  
Case No. 2:19-cv-00136-RSM   6

Pro Se Oleg Churyumov  
1037 NE 65th St #81067 Seattle, WA 98115  
9175141426

removing party must include in the notice of removal a paragraph titled, "Intradistrict Assignment" that identifies the reason(s) why the party is choosing to remove to the Seattle Division or to the Tacoma Division, as set forth in LCR 3(d).

40. Defendants did not include "Intradistrict Assignment" in the removing documents.

41. Plaintiff admits this certain issue is minor. However together with others it constitutes the whole picture of procedural defects.

## NON-REMOVABLE ACTION

42. 28 U.S.C. § 1445 provides a civil action in any State Court arising under the workmen's compensation laws of such State may not be removed to any district Court of the United States.

43. Plaintiff included in his complaint claims based on RCW 49.12 "Industrial welfare". Dkt. # 1-2 ¶ 5.

## STATE COURT HAS JURISDICTION OVER FEDERAL LAW

44. Despite on that Plaintiff's complaint contains federal law claim, State Court still has jurisdiction over the case for the reasons stated below. In his Complaint (Dkt. # 1-2 at ¶¶ 24-28) Plaintiff stated the following arguments:

45. State Court has concurrent jurisdiction over Title VII of the Civil Rights Act of 1964. State and federal Courts have concurrent jurisdiction of federal law claims where Congress neither expressly nor implicitly prohibits state Court jurisdiction (*Claflin v. Houseman*, 93 U.S. 130, 136 (1876)).

46. State Court has concurrent jurisdiction over American with Disabilities Act claims. (*Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820 1990). The U.S. Supreme Court has consistently held that state Courts have inherent authority, and are thus competent, to adjudicate claims arising under the laws of the United States.

47. State Court has concurrent jurisdiction over FMLA claims under section 107(a)(2) of Family Medical Leave Act.

48. State Court has jurisdiction over the related state laws RCW 49.60 and RCW 49.12 claims because they are under jurisdiction of state Courts. Those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

Dated:  Feb 24, 2019

Respectfully submitted,
By: Oleg Churyumov
1037 NE 65th St #81067 Seattle, WA 98115
Phone: 9175141426
Email: oleg.churyumov@gmail.com

*[signature]*