UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLEG CHURYUMOV, | CASE NO. C19-136 RSM |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE |
| AMAZON CORPORATE LLC, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Relief from Deadline. Dkt. #12. Plaintiff seeks a 30-day extension to respond to Defendants' Motion to Dismiss because he lost electronic and paper records related to this action and cannot easily reacquire them, was still seeking to serve certain Defendants which would affect Defendants' Motion to Dismiss, and had requested documents from the Equal Employment Opportunity Commission. *Id.* Defendants indicated they would have stipulated to a five-day extension, but vigorously oppose Plaintiff's request for 30 days. Dkt. #16. Finding good cause, the Court grants Plaintiff's Motion.

Pro se Plaintiff filed this action in state court December 28, 2018. Dkt. #1-2. The matter was removed to this Court on January 30, 2019 and one-week later Defendants filed their Motion to Dismiss, noting it for consideration on March 1, 2019. Dkts. #1 and #8. Plaintiff's response was therefore due no later than February 25, 2019. LCR 7(d)(3).

ORDER – 1

By local rule, "[a] motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." LCR 7(j).

Plaintiff filed his Motion for Relief from Deadline on February 19, 2019 and properly noted it for consideration on March 1, 2019. Dkt. #12. Because Plaintiff's Motion was noted for consideration after the deadline from which he sought relief, Plaintiff prudently responded to Defendants' Motion, indicating that he did not "cancel his request for time extension." Dkt. #15 at 1. Defendants argue that Plaintiff's timely response renders his Motion moot. Dkt. #16 at 1. But Plaintiff's timely response in the absence of an extension from the Court was consistent with Local Civil Rule 7(j) and the Court does not agree that Plaintiff's response—which clarified he did not abandon his Motion—renders his Motion moot.

Defendants further fault Plaintiff for waiting thirteen days before filing his Motion and for engaging in protest outside of Amazon buildings during that time. *Id.* at 3–5. The Court will not fault a pro se Plaintiff for not devoting all his time to this lawsuit, especially where he spends that time pursing alternative avenues of relief. Even if Plaintiff could or should have filed his Motion earlier and noted it for consideration before his response deadline, the Court will not fault a pro se Plaintiff for minor procedural errors. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (pro se litigants granted leniency in compliance with "the technical rules of civil procedure").

The Court also does not agree that Plaintiff's request for additional time to gather unspecified documents is unwarranted because pro se Plaintiff "fails to note" that "generally a plaintiff cannot introduce new or external evidence beyond the four corners of his Complaint" in

ORDER – 2

opposing a Rule 12(b)(6) motion. Dkt. #16 at 5–6. If Plaintiff's pro se status and the dispositive nature of Defendants' Motion to Dismiss—which Defendants request the Court grant with prejudice—are not alone sufficient to grant a 30-day extension, the Court finds good cause to allow Plaintiff 30 days to seek the documents he believes will support his response. Tellingly, the Court notes that Defendants do not allege they will suffer any prejudice by way of a 30-day extension. *See* Dkt. #16.

The Court agrees with Defendants that the Federal Rules of Civil Procedure and Local Civil Rules seek to promote speedy and inexpensive resolution of cases. Fed. R. Civ. P. 1; LCR 1(a). But both also indicate that the resolution should be just, and the Court will not promote speed and efficiency to the detriment of its judicial responsibility "to do justice to each litigant on the merits of his own case." *United States v. Johnson*, 457 U.S. 537, 555 (1982) (quoting *Desist v. United States*, 394 U.S. 244, 259 (1969) (Harlan, J., dissenting)).

Accordingly, having reviewed Plaintiff's Motion and the remainder of the record, and for the reasons stated above, the Court finds good cause and ORDERS that:

1. Plaintiff's Motion for Relief from Deadline (Dkt. #12) is GRANTED.

2. Defendants' Motion to Dismiss (Dkt. #8) shall be RE-NOTED for consideration on April 5, 2019. Accordingly, Plaintiff's response is due no later than April 1, 2019.

3. The Court STRIKES and will disregard Plaintiff's Response (Dkt. #15), Defendants' Reply (Dkt. #19) and Declaration in Support (Dkt. #20), and Surreply (Dkt. #22) filed by Plaintiff.

Dated this 8th day of March 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3