THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLEG CHURYUMOV | CASE NO.: 2:19-cv-00136-RSM |
| Plaintiff, | PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO DISQUALIFY OPPOSING COUNSEL FOR CONFLICT OF INTEREST |
| v. | NOTE FOR MOTION CALENDAR: 04/26/2019 |
| AMAZON CORPORATE; UWAIS KHAN; EDWIN MWANGO; ANDREW BERG; JOE RESUDEK; ROBIN MENDELSON; JEFF BEZOS; BETH GALETTI | |
| Defendants | |

## Table of contents

**INTRODUCTION** **2**

**ARGUMENT** **2**

    Laws and case law applicable, standard of review are in favor of disqualification    2

    Possibility along is enough for conflict of interest    2

    Counsel simply ignored and did not argue with facts in Plaintiff's Motion    3

    Communication between individual Defendants and Counsel is weird (RPC 1.4)    3

    Defendant Bezos should get permission of shareholders as per RPC 1.13(g)    4

    Counsel failed to report crime to shareholders as per RPC 1.13(b)    5

    Motion to Dismiss does not affect Motion to Disqualify    6

**CONCLUSION** **6**

## I.  INTRODUCTION

"Plaintiff [is not a] client of Perkins Coie". Dkt. # 40. at p. 2:18. Honorable Judge is neither Counsel's client. But nothing prohibits Judge to disqualify Counsel without request.

## II.  ARGUMENT

### A.  Laws and case law applicable, standard of review are in favor of disqualification

Introduction to LCR provides: "...judges of this district are very concerned about professionalism among attorneys…" LCR 83.3(a) provides: "...attorneys appearing in this district shall be familiar with and comply with the Washington Rules of Professional Conduct..."

Doubts as to existence of asserted conflict should favor disqualification. *International Business Machines Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978); *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975); *Chugach Electric Association v. United States District Court*, 370 F.2d 441, 444 (9th Cir. 1966), cert. denied, 389 U.S. 820, 88 S.Ct. 40, 19 L.Ed.2d 71 (1967).

### B.  Possibility along is enough for conflict of interest

Plain text of RPC 1.7(a) provides conflict of interest if representation "*will be* ... adverse to another client" or "there is a *significant risk…*". This future form of verbs means, just possibility is enough for conflict of interest. RPC doesn't require adverse effect in the past.

Counsel alleges, "Courts, however, will not deprive an opposing party of its attorney based upon *hypothetical* allegations." Dkt. # 40 at p. 8:24. (citing *DALSING v. AUSSERER*, No. C15-5520 BHS (W.D. Wash. Nov. 23, 2015)). *Dalsing* is not applicable. In *Dalsing*, "Defendants have asserted a conflict-free defense of absolute prosecutorial immunity" and indeed no "facts are not discovered or defenses asserted that raise a conflict". At the same time, in Dkt. # 35, 37 dozens of facts are discovered (and Counsel did not argue with most of them). Moreover,

*Dalsing* suggests to discuss disqualification again as soon as "facts are discovered". But Defendants locked access to facts (RPC 3.4(a)) and to evidence. Dkt. # 30 at p. 3:20.

**C.       Counsel simply ignored and did not argue with facts in Plaintiff's Motion**

Counsel spent 7 pages (Dkt. # 40 at pp. 1-7) to bring case law not addressing facts of this case. At the same time, Counsel ignored evidence of facts presented from Dkt. # 35 and 37:

- Counsel failed to inform Court about conflict of interest. Dkt. # 35 at p. 3:12.
- Khan has conflict of interest with Mwango. *Id.* at p. 4:11.
- Amazon isn't interested to be accused with crimes of Khan. *Id.* at pp. 5:3 and 7:9.
- Amazon isn't interested to sponsor individuals. *Id*. at p 8:10.
- Counsel never explained to Defendants conflict of interest. *Id*. at p. 9:17.
- Distribution of information about conflict of interest was prevented. *Id.* at 11:3.
- Conflicts can arise in upcoming (Dkt. # 39) settlement mediation. E. g. individual Defendants would agree for any terms of peaceful resolution because they don't suffer as a result of that (they don't pay damages out of their pocket etc), while the company's budget and policies directly suffer as a result of settlement. And vice versa. Dkt. # 35 at p. 5:13. See comment 13 to RPC 1.8.
- Hiding summons is a conflict of interest. Dkt. # 37 at p. 6:21.
- Fraud of evidence (RPC 3.4(a) (see comment 2 to RPC 3.4), 8.4(a), (c)) is conflict of interest. Dkt. # 37 at p. 8:1. Misrepresentation was from the side of Counsel (not Defendants only) because Counsel knew that Defendants never responded to request for unlock evidence (*Id*. at p. 8:12). Then Counsel failed to disclose this fact (RPC 3.3(a)(2)) when denying allegations (Dkt. # 31 at p. 13:2). See also comments 3 and 12 to RPC 3.3.

**D.       Communication between individual Defendants and Counsel is weird (RPC 1.4)**

Defendants are "jointly moving". Dkt. # 40 at p. 8:3. But Counsel didn't share all information with them (RPC 1.4). Counsel doesn't say why summons were not delivered to Defendants from the reception. Dkt. # 37 at p. 6:21. Counsel presented no evidence that he informed everybody about risks of dual representation. Dkt. # 35 at pp. 9:19 - 11:2. See comment 18 to RPC 1.7. See also *Id*. at pp. 11:3 - 12:5. See RPC 1.4 and comment 10 to RPC 1.13.

If Defendants would be informed, they won't agree to waive Amazon liability. "They

don't want to go through the litigation alone, without corporate legal support." Dkt. # 35 at p. 8:14. Counsel asked to waive Amazon's liability (Dkt. # 28 at pp. 7:25 - 8:14), neglected "reasonable diligence and promptness in representing" individual Defendants (RPC 1.3).

Such "betrayal" by Counsel makes applicable decision of Supreme Court *Wood v. Georgia*, 450 U.S. 261, 101 S. Ct. 1097, 67 L. Ed. 2d 220 (1981) at 270: "...since their Counsel has acted as the agent of the employer and has been paid by the employer, the risk of conflict of interest in this situation is evident". US Supreme Court decision supersedes any lower Courts.

**E.      Defendant Bezos should get permission of shareholders as per RPC 1.13(g)**

Plaintiff agrees, "it would be unrealistic to seek shareholder consent in each single-Plaintiff employment lawsuit". Dkt. # 40 at p. 10:9. Also, "it would be unrealistic to":

- give a fair relief to every employee suffered as a result of violation of the law;
- charge every supervisor up to CEO for every violation of the law;
- pay huge attorney costs for legal representation after every law violation; etc etc

Counsel asks to waive liability because it is "unrealistic". The only way to waive "unrealistic" consequences is: do not violate the law. Amazon should implement policies preventing employees from violations. Amazon failed to do that. Dkt. # 1-2 at p. 22 ¶ 195.

CEO Bezos "obtained the consent of an appropriate Amazon official" (Dkt. # 40 at p. 10:11). This "official" is subordinate of CEO in a chain of subordination. Asking subordinate for approval constitutes extreme conflict of interest. Similarly, Bezos could ask his dog for approval.

Shareholders consent is required in RPC 1.13(g) exactly when CEO asks it. This is because there is no authority higher than CEO except of shareholders and board.

Counsel (and/or Bezos) maliciously didn't ask shareholders because they would never approve it. As a result of Defendants' outrageous retaliation, claims against Amazon almost

doubled (Dkt. # 24). Reasonable shareholder never wants the company to lose its value as a result of criminal employees. Shareholders would immediately terminate Khan, then company would not be accused again. But Counsel failed to resolve conflict of interest (RPC 1.16(a)(1)).

While approval of shareholders could be "unrealistic", notice to shareholders is not "unrealistic". Refusal to inform shareholders proves conflict between Counsel and shareholders.

If Bezos would steal money from Amazon, would Counsel represent both Amazon and Bezos in the case regarding theft? Comment 35 to RPC 1.7 provides conflict when lawyer represents company and lawyer serves as its director. To be the director or to represent the director results in the same conflict. See comments 13, 14 to RPC 1.13.

**F.      Counsel failed to report crime to shareholders as per RPC 1.13(b)**

Counsel plays words (RPC 3.3(a)(1)) alleging that Plaintiff "admits that Amazon Human Resources opened an investigation into his accusations". Dkt. # 40 at p. 11:4. But the real text is:

> ...Plaintiff asked Amazon management and HR to investigate the crime, but they failed to perform the investigation. Dkt. # 24-1 at p. 12 ¶ 91. In 2 weeks after that, Plaintiff got a "visibility" receipt of his complaint from Amazon HR. On 03/29/2019 Plaintiff escalated his concern about inactivity regarding the investigation of the crime … Immediately after that, on the same day Defendants disabled Plaintiff's working email account and remotely blocked him access to the laptop and all the data … Plaintiff contacted the Defendants but they never responded… Dkt. #30 at pp. 4:10 - 5:3.

Defendants failed to investigate crime. Then Counsel failed to apply RPC 1.13(c), 3.3(b).

Counsel questions his professionalism (RPC 1.1) by denying that a "crime … is likely to result in substantial injury to the organization..." Dkt. # 40 at p. 11:8. Counsel also did the same in the past, e. g. he complained about Plaintiff's picketing (Dkt. # 16 at p. 2:19), ignored 1st Amendment and RCW 49.32.020 (RPC 3.3(a)(2)). See comment 4 to RPC 3.3.

**G.     Motion to Dismiss does not affect Motion to Disqualify**

Counsel says, there is no conflict if individual claims are dismissed. Dkt. # 40 at p. 12:11.

Counsel filed Motion to change schedule of Court decisions. Dkt. # 36. But the schedule of decisions is a discretion of Court. Counsel has no such discretion. See also Dkt. # 37 at p. 11.

Conflict of interest already affected Defendants' Motion to dismiss (Dkt. # 8) and Reply (Dkt. # 31). Motion to dismiss can't be decided until there is no conflict of interest. Dkt. # 37.

Counsel plays words (RPC 3.3(a)(1)) saying "Plaintiff even admits that when Defendants moved to dismiss his complaint, the individual Defendants had no conflict with Amazon". Dkt. # 40 at p. 8:6. In fact, Plaintiff noted: "...individual Defendants had no conflict with Amazon [at 02/06/2019, time of Motion to dismiss Dkt. # 8] regarding this point. But in future they could have a conflict." And this "future" already came in February-April of 2019 as a result of outrageous retaliation by individual Defendants. Dkt. # 35 at pp. 5:4 (crime by Khan), 5:18 (Counselor failed to report crime to shareholders), 8:4 (Amazon separated its liability from individuals), 12:9 (denial to investigate crime) etc.

Counsel abused procedure (RPC 3.3(a)(1)) saying that crime is made by "anonymous" offenders. Dkt. # 40 at pp. 8:9, 8:15, 11:11. Plaintiff showed evidence: "anonymous" are Amazon employees (Dkt. # 15 at p. 10 ¶ 65); Amazon has their identities; Defendants denied to disclose "anonymous" (Dkt. # 24-1 at p. 12 ¶ 91); Counsel helped to hide the crime (RPC 1.13 (b) and (c)(1), RPC 1.16(b)(3)); Khan never denied that he committed crime (Dkt. # 35 at p. 8:19).

### III.     CONCLUSION

Plaintiff asks to disqualify Counsel under RPC 1.1, 1.3, 1.4, 1.7, 1.8, 1.13, 1.16, 3.3, 3.4.

Dated:  Apr 24, 2019                                      By: Oleg Churyumov
                                                                        1037 NE 65th St #81067 Seattle, WA 98115