UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OLEG CHURYUMOV,

    Plaintiff,

    v.

AMAZON CORPORATE LLC, et al.,

    Defendants.

CASE NO. C19-136 RSM

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. #45. Plaintiff seeks a "restraining order to be followed by a preliminary injunction, to unlock Plaintiff's access to the litigation evidence at his laptop and to the corporate network." *Id.* at 1. Defendants have responded, opposing the Motion. Dkt. #48. For the following reasons, the Court denies the Motion.

This acrimonious dispute continues to expand. Plaintiff first initiated this action in state court based primarily on allegations of employment discrimination due his ethnicity, national origin, his care for his disabled child, and his use of leave. *See generally*, Dkt. #1-2. Plaintiff further alleges that he was retaliated against and that Defendants did nothing to address his complaints. *Id.* Plaintiff asserted state and federal discrimination claims under Title VII of the

ORDER – 1

Civil Rights Act of 1964,[1] the Americans with Disabilities Act,[2] the Family Medical Leave Act,[3] and the Washington Law Against Discrimination,[4] as well as additional state and common law claims related to the terms and conditions of his employment. *Id.* Plaintiff sought various forms of relief to remedy his harm, prevent future harms, and punish Defendants.

Defendants removed the action to this Court and subsequently filed a motion to dismiss. Dkts. #1 and #8. The parties filed numerous strongly contested motions including a motion to remand, two motions to amend the Complaint to add new claims, a motion to disqualify defense counsel, and motions for relief from various deadlines. At the parties' request, and while several motions were pending, the Court referred this matter for a judicial settlement conference. Dkt. #43. The parties were unable to come to a resolution and have requested that the Court consider several of the earlier motions.[5] Dkt. #44. Shortly thereafter, Plaintiff filed this Motion.

The parties have continued their dispute out of court as well. Plaintiff has picketed outside numerous Amazon facilities, engaged in a hunger strike, maintained a website detailing his crusade, and attempted to engage additional employees in protesting working conditions and unionizing. Dkts. #42 and #45. Plaintiff maintains that Defendants, for their part, cancelled his medical insurance, barred him from Amazon properties, threatened him, harassed him, committed hate crimes against him, and refused to investigate his complaints. *Id.* More pertinent to this Motion, Plaintiff alleges that after he sent Amazon employees an email about unionization,

---

[1] 42 U.S.C. § 2000e-2.

[2] 42 U.S.C. § 12112.

[3] 29 U.S.C. § 2615.

[4] WASH. REV. CODE §§ 40.060.180, .210.

[5] This request will be addressed in a separate order.

ORDER – 2

Defendants blocked his access to the corporate network, his files stored there, and the ability to communicate with co-workers. Dkt. #45 at 4. Plaintiff maintains that Defendants' actions were intended to suppress his efforts at workforce organization. Plaintiff further alleges that these actions cause him significant prejudice because he is unable to access important documents necessary for him to pursue this action. *Id.* at 1.

"The grant or denial of a motion for a temporary restraining order lies within the equitable discretion of the district court." *Save Our Summers v. Wash. Dep't of Ecology*, 132 F. Supp. 2d 896, 899 (E.D. Wash. 1999) (citing *Chalk v. U.S. Dist. Ct.,* 840 F.2d 701, 704 (9th Cir.1988)). To support a temporary restraining order ("TRO"), the moving party must at least[6] show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[7]

However, "[a] court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the

---

[6] Defendants argue that Plaintiff faces a higher burden because he seeks a mandatory injunction requiring Defendants to take certain actions. Dkt. #48 at 3–4 (citing *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (moving party "must establish that the law and facts clearly favor [his] position"). Finding that Plaintiff fails to satisfy the base inquiry, the Court need not address the question of whether a higher standard applies.

[7] The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, even with the sliding scale approach, a moving party must make a showing of all four elements *See A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) ("plaintiff may also obtain a preliminary injunction by showing 'serious questions go[ ] to the merits' of its claims and a balance of hardships that tips 'sharply' towards the plaintiff, *so long as it makes a showing on the other two factors*") (quoting *Alliance*, 632 F.3d at 1135) (emphasis added).

ORDER – 3

court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). Rather,

> there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally."

*Id.* at 636 (quoting *De Beers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945)).

Plaintiff's primary obstacle is that he seeks relief different from that sought in his Complaint. Plaintiff argues that he is entitled to injunctive relief forcing Defendants to return access on the basis that their actions violated his First Amendment rights, Washington laws protecting the right of employees to organize, and the National Labor Relations Act. Dkt. #45 at 6–10. But these issues all arose after Plaintiff filed his Complaint and are far afield from the discrimination claims he originally brought. *Pac. Radiation Oncology, LLC.*, 810 F.3d at 636 ("Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint.") (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Plaintiff has sought several times to amend the Complaint to add claims along the lines of those alleged in his Motion. *See* Dkt. #42. But Plaintiff has not been granted leave to amend and the operative complaint remains the one Plaintiff filed in state court. Returning access to the corporate network, files stored there, and corporate email are unrelated to the relief that Plaintiff seeks in his Complaint.[8] For this reason, the Court will not grant Plaintiff relief.

---

[8] Plaintiff, in fact, recognizes this, indicating in his second motion for leave to amend the Complaint that he seeks to add "a prayer request to order Amazon to restore Plaintiff's access to the laptop and Amazon network for accessing evidence of this litigation." Dkt. #42 at 6.

ORDER – 4

Plaintiff also does not convince the Court that he is likely to succeed on the merits of his claims or that he will suffer irreparable harm. Defendants point out that the merits of Plaintiff's claims suffer from deficiencies. Dkt. #48 at 4–6. These include, for instance, that Plaintiff's First Amendment rights are not implicated by the actions of non-state, private actors and that the National Labor Relations Board has jurisdiction over many of Plaintiff's claims related to workforce organization. *Id.* at 4–5. Further, Plaintiff's desire to access materials he believes will provide him valuable evidence in this action does not represent irreparable harm. As Defendants note, Plaintiff's inability to organize employees is in fact the status quo and Plaintiff does not provide any indication of why he will imminently suffer further harm if he is not allowed to organize. *Id.* at 6–7. As to accessing documents which may be evidence in this case or assist Plaintiff in preparing his case, much of the information may be available to him through the discovery process. For these reasons, injunctive relief is not appropriate at this time.[9]

Accordingly, having reviewed Plaintiff's Motion and the remainder of the record, and for the reasons state above, the Court finds good cause and ORDERS that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. #45) is DENIED.

Dated this 7th day of June 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] Plaintiff has filed a Reply to Defendants' Response while noting that Local Civil Rule 65 provides that "no reply will be permitted." LCR 65(b)(5). The Court need not consider the Reply and does not grant Plaintiff leave to file. Regardless, nothing in the Reply alters the Court's analysis.

ORDER – 5