THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLEG CHURYUMOV | CASE NO.: 2:19-cv-00136-RSM |
| Plaintiff, | PLAINTIFF'S REPLY TO MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF EEOC, NLRB AND WSBA PROCEEDINGS |
| v. | NOTE FOR MOTION CALENDAR: 06/21/2019 |
| AMAZON CORPORATE; UWAIS KHAN; EDWIN MWANGO; ANDREW BERG; JOE RESUDEK; ROBIN MENDELSON; JEFF BEZOS; BETH GALETTI; | |
| Defendants. | |

## Table of contents

**INTRODUCTION**                                                                     **2**

**ARGUMENT**                                                                         **2**

EEOC and NLRB (definitely) and WSBA (probably) resolve 1st Complaint claims          2

    EEOC: Charge is in favor of a stay                           2

      A stay of Title VII is caused by amend of same RCW 49.60 claims    2

      If a stay is not granted, it is wasteful to have 2 lawsuits instead of 1    2

      Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 3–4 (1st Cir. 2005)    2

      EEOC will highlight discrimination intent of Khan    3

      EEOC will perform interrogations of the same employees    3

    NLRB: charge resolves initial Complaint claims for relief (Amazon policy)    4

    WSBA: decision is not final and Plaintiff files an appeal to that decision    4

Prejudice: Defendants are not harmed by a stay, Plaintiff is harmed without a stay    5

    Defendants are Not Harmed if the Court Grants Plaintiff's Request for Stay    5

    Plaintiff is prejudiced if a stay is not granted    5

    It is not Plaintiff who caused delay of proceedings; Defendants are at fault    6

**CONCLUSION**                                                                       **7**

# I.     INTRODUCTION

This stay relies on amend. Dkt. # 42. Thus, questions should be considered together.

# II.     ARGUMENT

## A.  EEOC and NLRB (definitely) and WSBA (probably) resolve 1st Complaint claims

### 1.   EEOC: Charge is in favor of a stay

#### a)  A stay of Title VII is caused by amend of same RCW 49.60 claims

Defendants' actions of discrimination and retaliation in 2019 result in violation of both Title VII (Dkt. # 42-1 ¶¶ 103-133) and RCW 49.60 (*Id*. ¶¶ 174-190). Amending Title VII claims might require to exhaust administrative remedies via EEOC as per 42 U.S.C. § 2000e-5(e)(1). Dkt. # 54-3 at p. 2. Amending RCW 49.60 claims doesn't require EEOC charge. Thus, Complaint should be amended with RCW 49.60. But RCW 49.60 claims are associated with same actions investigated by EEOC (Dkt. # 54-3 at p. 2) because they are associated with Title VII and EEOC investigates Title VII. Thus, the lawsuit should stay pending EEOC.

#### b)  If a stay is not granted, it is wasteful to have 2 lawsuits instead of 1

After EEOC, Plaintiff will be 2nd time in Court with his claims (Dkt. # 42-1 ¶¶ 74 - 102). There will be 2nd discovery and trial with the same parties which is wasteful. Everything should be in one lawsuit. FRCP 18(a). If there are separate lawsuits, they should be joined. FRCP 42(a).

#### c)  *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 3–4 (1st Cir. 2005)

Defendants allege (Dkt. # 53 at p. 8 *4) *Marie* is not applicable for a stay because

> Plaintiff cites to *Marie* … , Dkt. #47 at p. 4, for the proposition that "…arbitration during the pendency of an EEOC investigation would lead to wasteful, duplicative proceedings, and we reject such a result." Plaintiff takes this quotation out of context. That case addressed whether an employer must demand arbitration while an EEOC charge is pending or otherwise waive its right to arbitrate. The Court did not consider whether litigation must be stayed pending the outcome of an EEOC

investigation into allegations not raised in Plaintiff's Complaint.

Indeed, *Marie* at 3 initially considered the question

> … whether an employer waives its contractual right to compel arbitration of a Title VII claim by not filing for arbitration when the employee initiates an EEOC complaint, but instead waiting…

However by resolving this *Marie* at 4 made intermediate conclusion:

> a rule forcing the employer to file for arbitration during the pendency of an EEOC investigation would lead to wasteful, duplicative proceedings, and we reject…

Arbitration is a litigation. *Marie* shows that litigation during EEOC work is wasteful.

### d) EEOC will highlight discrimination intent of Khan

EEOC will investigate hate speech (new claims Dkt. # 42 at p. 18 ¶ 78) presumably committed by Khan. There is evidence that nobody except him was able to do that. See also Dkt. # 54-3 at p. 2: "the messages also included very specific information that only my Manager, Uwais Khan would be privy to, including information about my performance evaluation."

At the same time Khan is the main offender in the initial Complaint. Dkt. # 1-2 ¶¶ 32-75. If EEOC proves his fault for hate speech (which included speech about national origin), his discrimination and retaliation intent for the initial claims (*Id.*) will be automatically proven. The intent is critical to prove discrimination under preponderance of evidence standard.

Where such a stay is considered, the Court need not find that the two cases possess identical issues or that resolution of one will control the other; a finding that the cases present substantially similar issues is sufficient. See *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Leyva v. Certified Grocers of California, Ltd* ., 593 F.2d 857, 864 (9th Cir. 1979).

### e) EEOC will perform interrogations of the same employees

At the discovery Plaintiff will request depositions for Khan and other employees. The

same guys will be interrogated by EEOC and NLRB. This is wasteful for Defendants also.

Discovery is wasteful without a stay. History of all previous and current discrimination complaints will be requested both by EEOC and by Plaintiff at the discovery. *Milan v. Sprint Corporation*, 2018 WL 1665690 (E.D.N.Y. April 6, 2018) (the Court found such discovery requests reasonable). That will be even if Complaint is not amended. Dkt. # 42. That is because both initial Complaint (Dkt. # 1-2) and EEOC charge (Dkt. # 54-3 at p. 2) contain claims based on the same laws: racial discrimination (Dkt. # 1-2 ¶¶ 76-91), retaliation (Dkt. # 1-2 ¶¶ 105-111).

**2. NLRB: charge resolves initial Complaint claims for relief (Amazon policy)**

Even if Complaint is not amended, 1st Complaint requests relief at Dkt. # 1-2 ¶ 195:

> Plaintiff prays for relief as follows: ... For ordering Amazon to create policies … against unlawful hiding information on the "pivot appeal" procedure; … Plaintiff prays also to order Amazon to inform all employees in US offices about these policies and provide compulsory training to management of all levels.

This will be resolved by NLRB. Plaintiff informed NLRB about "Pivot appeal" policy of Amazon. "Pivot" prohibits employees to speak about law violations committed by the manager. Dkt. # 1-2 at p. 9 ¶ 71. NLRB enforces NLRA. At the same time NLRA makes it illegal to prevent or limit employees from talking about working conditions, job safety, especially such important working issue as law violations by the management.

**3. WSBA: decision is not final and Plaintiff files an appeal to that decision**

WSBA letter clearly provides (Dkt. # 54-2 at p. 2) it is not final unless appeal is ended:

> If you do not mail or deliver to us a written request for review of this dismissal within forty-five (45) days of the date of this letter, the decision to dismiss your grievance will be final. Should there be a judicial finding of impropriety, you may request that we reopen this matter.

Plaintiff is preparing an appeal (request for review). Plaintiff assures he will file it shortly.

His initial grievance (Exhibit A) has merits and there are significant violations of RPC. Initial

denial of WSBA (Dkt. # 54-2) seems like "automatic", it does not contain detailed explanation.

**B.  Prejudice: Defendants are not harmed by a stay, Plaintiff is harmed without a stay**

**1.  Defendants are Not Harmed if the Court Grants Plaintiff's Request for Stay**

Defendants never denied that corporate Amazon isn't prejudiced by a stay. Based on

information and belief, Plaintiff presumes none of individual Defendants is applying for a

mortgage like they allege. Dkt. # 53 at p. 9:8. Even if their alleged mortgage application would be

harmed by public records, this question is not relevant to this Motion to stay due to the following.

Defendants are already in public records. Denial to stay doesn't remove public records.

LCR 5(g) and FRCP have an option to hide some records. Defendants never used this.

Defendants cannot fault Plaintiff for their bad reputation which is due to their offences.

Dkt. # 53 at p. 9:8. Defendants are at fault for their reputation. If they would not violate the law

they would not appear in the public records. Plaintiff attempted to avoid litigation: he complained

to HR and to many levels of management up to CEO before this action. Dkt. # 1-2 ¶¶ 58 - 68.

**2.  Plaintiff is prejudiced if a stay is not granted**

Defendants allege at Dkt. # 53 at p. 9:22:

> Plaintiff, however, has failed to show how investigations conducted by the EEOC
> and NLRB will require him to do anything at all.

It is true that NLRB and EEOC proceedings are easier than this Court proceedings.

NLRB and EEOC assign agency's investigators to the case while in this Court Plaintiff acts

alone. However, it is not true that Plaintiff will not "do anything at all" with EEOC and NLRB as

Defendants allege. E. g. Plaintiff already spent many hours to prepare charges consisting of tens

of sheets of paper, attended multiple interviews with EEOC and NLRB, one interview last 5

hours. See e. g. Dkt. # 22-3. During the investigation, EEOC and NLRB perform interviews and request evidence from both parties not excluding Plaintiff.

### 3.   It is not Plaintiff who caused delay of proceedings; Defendants are at fault

Defendants retaliated, insulted, threatened Plaintiff with physical violence, blocked him everything they could (access, medical insurance, even the restroom) (Dkt. # 42-1 ¶¶ 74 - 102). Now they fault Plaintiff for complaining about their offences (Dkt. # 53 at p. 9:24):

> A party to a lawsuit cannot simply manufacture his own "hardship" by filing complaints outside of the judicial proceedings and then insist that the judicial proceedings grind to a halt indefinitely because the complaints are being investigated.

What is next? Defendants would make their threats real and physically beat up Plaintiff. Then they would fault Plaintiff for "hardship by filing complaints" when he is hospitalized.

Defendants are solely at fault and their violations (Dkt. # 42-1 ¶¶ 74 - 102) caused 4 new Motions (Dkt. # 24, 42, 45, 47) and complaints to EEOC and NLRB. If Defendants would not retaliate, Plaintiff would not complain and the action would not stay. Moreover, if Defendants would not discriminate, there would not be legal action at all.

Plaintiff filed lawsuit bound by the statute of limitations set up by EEOC. Dkt. # 9-1 at p. 7. At that time, Plaintiff could not know that Defendants will retaliate. Dkt. # 42-1 ¶¶ 74 - 102.

Neither of 3 reasons for litigation was under Plaintiff's control: discrimination in 2018 (Dkt. # 1-2), statute of limitations, retaliation in 2019 (Dkt. # 42). Plaintiff was forced to litigate when he is sick and when he is without an attorney. Where a "Plaintiff because of disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time, "Courts have applied the doctrine of "equitable tolling." *Miller v. Runyon*, 77 F.3d 189, 191 (C.A.7 1996) (Posner, C.J.).

1

### III.   CONCLUSION

2          For all of the foregoing reasons, Plaintiff respectfully requests that this action be stayed,

3    pending the conclusion of the EEOC, NLRB and WSBA appeal proceedings against Defendants.

4

Dated:  Jun 21, 2019                                    By: Oleg Churyumov
5                                                        1037 NE 65th St #81067 Seattle, WA 98115