# Exhibit A

Oleg Churyumov, Pro Se Plaintiff
1037 NE 65th Street # 81067 Seattle WA 98115

To: Washington State Bar Association

Re: Complaint about the counsel behavior

**Table of contents**

**INTRODUCTION** **2**

**ARGUMENT** **2**

Defendants' Counsel violated RPC continuously 2

Counsel demonstrated unethical behavior in the courtroom 2

**CONCLUSION** **5**


Pro Se Oleg Churyumov
1037 NE 65th St #81067 Seattle, WA 98115

## I. INTRODUCTION

My name is Oleg Churyumov. I am the Pro Se Plaintiff in the case No. 2:19-cv-00136-RSM in the Federal Court of Western District of Washington (Churyumov v. Amazon et al). This is to complain about the improper behavior of opposing party's Counsel Linda D. Walton, WSBA #20604, LWalton@perkinscoie.com.

## II. ARGUMENT

### A. Defendants' Counsel violated RPC continuously

Earlier, Plaintiff noted violations of RPC by Defendants' Counsel due to conflict of interest. Dkt. # 35, 37, 41. This is to report new violations of RPC by the Counsel. Please see the details below.

On 04/29/2019, the Court ordered the settlement conference. Dkt. # 43. The conference was scheduled for 05/20/2019. Plaintiff cannot disclose the contents of the settlement conference. FRE 408. But Plaintiff discloses everything that happened after and beyond the conference.

### B. Counsel demonstrated unethical behavior in the courtroom

Immediately after the conference ended and the Settlement Judge left the courtroom, Defendants' Counsel Linda Whalton insisted to appoint a status conference with the main Judge (Honorable Ricardo S. Martinez).

Plaintiff argued. Plaintiff insisted that firstly Plaintiff and Defendants "shall meet and confer, and thereafter file a status report with the Court". This was required by the Court Order. Dkt. # 43 at p. 2:7. Also, as a general practice Judges often set up a rule for parties to confer before involving Judge into the dispute.

Defendants' Counsel insisted on the necessity of the conference but she failed to clearly explain the need for immediate conference.



Pro Se Oleg Churyumov
1037 NE 65th St #81067 Seattle, WA 98115

Plaintiff told the following. In April-May of 2019 (last 2 months) Defendants committed new outrageous law violations and retaliation. As a result of that, Plaintiff filed complaints to Equal Employment Opportunity Commission (EEOC) and National Labor Relations Board (NLRB). Preliminary, both agencies have found prima facie merits in the complaints and agreed to investigate them. For now they are about to start the investigation. Thus, Court could stay until the investigations of both agencies are ended or denied/stopped. Hence, there is no need for status conference for now.

Defendants' Counsel opposed to include in the stipulated joint status report information about pending investigations of EEOC and NLRB. RPC 3.3 (a)(2) directs:

> A lawyer shall not knowingly fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing Counsel.

Plaintiff insisted to inform the Court about these investigations. That is because findings of EEOC and NLRB significantly affect the case. This is similar to e. g. stay of the tort case while police investigation is pending.

Defendants' Counsel became rude, started interrupting Plaintiff and yelling. RPC Preamble [9] requires a lawyer to act while:

> ...maintaining a professional, courteous and civil attitude toward all persons involved in the legal system.

Counsel knew that Plaintiff has PTSD mental disorder and certain abusive actions are risky. Dkt. # 24 at p. 2 ¶ 10. Mocking, yelling, locking personal space can seriously aggravate Plaintiff's condition, result in panic attack and suicidal thoughts. Thus, behavior of Counsel was not only improper; it was reckless and intentional.

Counsel told, "[Plaintiff is Pro Se and we immediately need a conference with Judge instead of conferring with each other, so Judge can better explain this to [Plaintiff]]". RPC 4.3 provides:


Pro Se Oleg Churyumov
1037 NE 65th St #81067 Seattle, WA 98115

> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding...

Plaintiff reminded to the Counsel about her duty to comply with RPC 4.3. Then Plaintiff asked the Counsel to continue discussion over the email due to improper tone of the Counsel. Then Plaintiff took his belongings and decided to leave the courtroom.

Defendants' Counsel blocked the way out of the courtroom. This was the only way out between the desks of Plaintiff and Defendants.

Plaintiff asked to let him out.

Counsel refused. Counsel told, that "the Court ordered to force us to stay in the courtroom until the end of the working day regardless of the duration of the settlement conference". That was not correct. The Court allowed parties to use the courtroom for conferring, but never "ordered to force us to stay there until the end of the working day". RPC 4.1 (a) provides:

> In the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person.

Apart from the Plaintiff and Whalton, the following people were presented at that time in the courtroom: Defendants' Counsel Lindsay McAleer and Defendants' in-house lawyer.



Pro Se Oleg Churyumov
1037 NE 65th St #81067 Seattle, WA 98115

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that these actions be investigated.

Dated: May 25, 2019

By: Oleg Churyumov
1037 NE 65th St #81067 Seattle, WA 98115