THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OLEG CHURYUMOV,

                Plaintiff,

     v.

AMAZON CORPORATE LLC; UWAIS
KHAN; EDWIN MWANGO; ANDREW
BERG; JOE RESUDEK; ROBIN
MENDELSON; JEFF BEZOS; and BETH
GALETTI,

                Defendants.

No. 2:19-cv-00136-RSM

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S SECOND MOTION TO
AMEND COMPLAINT

NOTE FOR MOTION CALENDAR:

Friday, July 5, 2019

DEFENDANTS' OPPOSITION TO SECOND
MOTION TO AMEND COMPLAINT
(No. 2:19-cv-00136-RSM) –i

144707590.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I.     INTRODUCTION

Plaintiff Oleg Churyumov ("Plaintiff") seeks to amend his Complaint with alleged facts and claims that arose after he filed the present lawsuit. Defendants oppose Plaintiff's Second Motion for Leave to Amend and Supplement Complaint ("Second Motion to Amend"), in part. Specifically, Defendants ask the Court to deny Plaintiff's request for leave to add any claims against all Defendants or "John Doe" defendants that would be futile — namely, Plaintiff's claims under Washington State criminal statutes, his claims for defamation, civil harassment, and outrage, and his Washington state law union organizing claims. Defendants also ask the Court to deny Plaintiff's request for leave to amend his Complaint to add a claim under the Americans with Disabilities Act ("ADA") against the seven individual defendants because that amendment, too, would prove to be an exercise in futility. Defendants take no position as to the other allegations and claims Plaintiff moves to add to his complaint.

## II.     FACTUAL BACKGROUND

On December 28, 2018, Plaintiff filed a Complaint in King County Superior Court against Amazon and seven individual defendants. Dkt. #1-2 (Complaint). Plaintiff's Complaint includes multiple claims under state and federal statutes. *Id.* On February 6, 2019, after Defendants removed the case to this Court, Defendants filed a Partial Motion to Dismiss, seeking dismissal of all claims against the individual defendants and select claims against Amazon. Dkt. #8.

Plaintiff's proposed Second Amended Complaint[1] contains numerous new allegations and claims against Defendants based on conduct Plaintiff alleges occurred after December 28, 2018. Plaintiff has not, however, made it clear which of his new claims he seeks to bring against which of the eight defendants or the suggested "John Doe" defendants. In particular, Plaintiff's

---

[1] Plaintiff first filed a motion to amend his complaint on March 12, 2019. *See* Dkt. #24. When he filed his Second Motion to Amend on April 28, 2019, Plaintiff requested that the Court "strike" his first Motion to Amend. *See* Dkt. #42-1 at p. 3. Plaintiff's first motion to amend was not renoted for consideration after the parties' settlement efforts failed. Dkt. #44.

DEFENDANTS' OPPOSITION TO SECOND MOTION TO
AMEND COMPLAINT (No. 2:19-cv-00136-RSM)–1

144707590.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

proposed Second Amended Complaint adds six causes of action under criminal statutes against

simply "Defendants." *See* Dkt. #42-1, at pp. 66-77 (bringing claims under RCW 9A.36.070,

RCW 9A.46.020, RCW 9A.36.070, RCW 9A.84.030(1)(a), RCW 9A.84.010(1), and RCW

9A.28.040).

Plaintiff also seeks to add a defamation claim against "Defendants." Dkt. #42-1, at pp.

54-55, ¶ 6.12. In support of his defamation claim, Plaintiff simply alleges that Amazon

employees "posted on the Internet public defamation and insults against [him] personally," Dkt.

#42-1 at p. 54, ¶ 277, and identifies two websites where he alleges "Defendants broadcasted hate

speech," *id.* at p. 19, ¶ 82, Plaintiff neither quotes the entirety of the purportedly defamatory

statements at issue, nor specifies where each statement was posted. Plaintiff describes the alleged

internet comments as follows:

> [Plaintiff] should be [deported] not granted immigration status because of
> his [national origin] Russian nationality. Group of people should beat the
> shit out of [Plaintiff] reasoning national origin (Russian). [Plaintiff] will be
> beaten up until he is deported out of the country. Amazon needs to kick ass
> of [Plaintiff]. [Plaintiff's] mental abilities are questionable. [Plaintiff is]
> little fool, freeloader, corrupt, tax evader, hypocrite, liar, asshole.

Dkt. #42-1, at p. 19, ¶ 79.

Plaintiff also seeks to add a claim of outrage to his Complaint, Dkt. #42-1, at p. 58, ¶

6.14, based on comments purportedly posted online by Amazon employees, and events he claims

occurred during his public protests at Amazon facilities in April 2019. Dkt. #42-1, at pp. 63-64,

¶¶ 307, 308, 311, 312. This alleged conduct also forms the basis of Plaintiff's RCW 10.14

harassment claim, *id.* at pp. 64-66, ¶ 6.15, and his RCW 9A.36.080 malicious harassment claim,

*id.* at pp. 52-54 ¶ 6.11.

In addition, Plaintiff seeks to add a claim under RCW 49.32.020 and RCW 49.36, based

on alleged "self-organising and unionizing" Dkt. #42-1, at pp. 55-56, ¶ 6.13, and a disability

discrimination claim under the ADA, *id.* at p. 27, ¶ 240-247. Plaintiff also seeks to add new

DEFENDANTS' OPPOSITION TO SECOND MOTION TO
AMEND COMPLAINT (No. 2:19-cv-00136-RSM)–2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144707590.5

allegations in support of the thirteen claims for relief set forth in his original Complaint based on conduct that he alleges occurred after he filed the Complaint on December 28, 2018.

Finally, Plaintiff seeks to add "John Does" as defendants, for purportedly "commit[ing] hate crime" and in support of his claims of "assault, outrage, malicious harassment, etc." Dkt. #42-1, at p. 6, ¶ 16.[2]

## III.   ARGUMENT

### A.   Leave to Supplement a Complaint Should Not Be Granted Where Supplementation Would be Futile

Rule 15 addresses both amended pleadings and supplemental pleadings. Fed. R. Civ. P. 15.[3] Here, as Plaintiff acknowledges, he is seeking to supplement his Complaint, as he proposes adding purported facts and claims that occurred after he filed the lawsuit on December 28, 2018. Supplemental pleadings can be filed only with leave of the Court and on just terms. Fed. R. Civ. P. 15(d). The standards for granting or denying a motion to supplement pleadings under Rule 15(d) are the same as those applied under Rule 15(a). *See Peterson v. California*, No. 1:10-CV-01132-SMS, 2011 WL 3875622, at *4 (E.D. Cal. Sept. 1, 2011).

The resolution of a motion to file supplemental pleadings is a matter of the trial court's discretion. *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir. 1988). Defendants, of course, acknowledge that under Rule 15(a) and 15(d), leave to amend or supplement a party's pleading "should [be] freely give[n] . . . when justice so requires." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011) (citation and quotation marks omitted). That is not to say, however, that such leave should be given automatically. *Jackson v. Bank of Hawaii*, 902

---

[2] Defendants oppose Plaintiff's request to add John Doe defendants because his request would be futile given that he fails to adequately state claims for relief against unnamed individuals, as set forth more fully herein, and because Amazon cannot be expected to identify who, if any, of its hundreds of thousands of employees made anonymous internet posts on third party websites.

[3] An amended complaint under Rule 15(a) permits the party to add claims or to allege facts that arose before the original complaint was filed. *See Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010). By contrast, Rule 15(d) permits a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

DEFENDANTS' OPPOSITION TO SECOND MOTION TO
AMEND COMPLAINT (No. 2:19-cv-00136-RSM)–3

144707590.5

F.2d 1385, 1387 (9th Cir. 1990). The "general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (dismissing amended complaint as "an exercise in futility" where plaintiff's amended complaint failed to state a claim for relief).

Futility alone can justify a court's refusal to grant leave to amend. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). The test for futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). Dismissal for failure to state a claim is proper where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. *Shroyer,* 622 F.3d at 1041.

Allowing Plaintiff to add the claims discussed below would be futile because these claims would not survive a motion to dismiss under Rule 12(b)(6).

**B.    Plaintiff Cannot State a Claim for Relief under the ADA Against the Individual Defendants**

Allowing Plaintiff to amend his Complaint to add a claim of discrimination under the ADA against the individual defendants would be an exercise in futility. As Defendants explained in prior briefings, individuals cannot be sued for discrimination under the ADA. *See, e.g.*, Dkt. #8, at p. 12 (citing *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)). Thus, no set of facts could support a claim for relief and amendment would be futile. *Id. See also Leon v. Danaher Corp.*, 474 F. App'x 591, 592 (9th Cir. 2012) ("The district court properly dismissed Leon's claims against the individual defendants because neither Title VII nor the ADA impose liability on individual employees.").

DEFENDANTS' OPPOSITION TO SECOND MOTION TO
AMEND COMPLAINT (No. 2:19-cv-00136-RSM)–4

144707590.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**C.     Plaintiff Cannot Assert Criminal Claims Against Defendants In the Instant Matter**

Plaintiff cannot assert criminal claims against Defendants in this civil lawsuit.[4]  It is well recognized that the "prosecutor's office has exclusive authority to make criminal charging decisions." *Worthington v. WestNET*, No. 48590–7–II, 2017 WL 4150589, at *3 (Wash. Ct. App. 2017) (unpublished) *review denied*, 420 P.3d 705 (2018); *see also Gustafson v. City of W. Richland*, No. CV-10-5040-EFS, 2011 WL 5507201, at *5 (E.D. Wash. Nov. 7, 2011), *aff'd*, 559 Fed. Appx. 644 (9th Cir. 2014) (dismissing plaintiff's claims alleged under criminal statutes, reasoning that "these Washington statutes proscribe criminal conduct and do not provide a private civil cause of action"); *see also McNamara v. Cooley*, 72 F. App'x 727, 728 (9th Cir. 2003) ("The district court properly dismissed [Plaintiff's] claims brought under criminal law statutes because the statutes do not provide a private right of action."). Because Plaintiff lacks authority to bring criminal charges, he cannot assert a cognizable claim for relief under criminal statutes. Allowing Plaintiff to amend his Complaint to add claims under criminal law statutes would, therefore, be an exercise in futility.

**D.     Plaintiff's State Law Claims Against Defendants Under RCW 49.32.020 and RCW 49.36.010 Are Preempted by the NLRA**

Equally futile is Plaintiff's request to add state law claims to his Complaint based upon alleged interference with unionizing activity under RCW 49.32.020 and RCW 49.36.010, Dkt. #42-1, at p. 55-58. These claims are preempted by the National Labor Relations Act ("NLRA"). *See San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 243-44 (1959). Under the *Garmon* doctrine, "'[w]hen it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the [NLRA],

---

[4] In Plaintiff's Second Amended Complaint, he alleges harassment in violation of RCW 9A.46.020, Dkt. #42-1, at pp. 69-70, coercion in violation of RCW 9A.36.070, *id.* at pp. 71-73, promotion of a suicide attempt in violation of RCW 9A.36.070, *id.* at pp. 73-74, disorderly conduct in violation of RCW 9A.84.030(1)(a), *id.* at pp. 74-75, criminal mischief in violation of RCW 9A.84.010(a), *id.* at pp. 75-76, and criminal conspiracy in violation of RCW 9A.28.040, *id.* at pp. 76-77. Plaintiff also includes a claim for malicious harassment under RCW 9A.36.080, which, unlike the other criminal claims Plaintiff brings, permits a parallel civil action under RCW 9A.36.083. *Id.* at p. 52. That claim should also be dismissed for the reasons set forth in *infra* Section F.

DEFENDANTS' OPPOSITION TO SECOND MOTION TO
AMEND COMPLAINT (No. 2:19-cv-00136-RSM)–5

144707590.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that

2   state jurisdiction must yield.'" *Adkins v. Mireles*, 526 F.3d 531, 538 (9th Cir. 2008) (quoting

3   *Garmon*, 359 U.S. at 244). The critical inquiry for preemption is "whether the conduct at issue

4   was arguably protected or prohibited by the NLRA." *Int'l Longshoremen's Ass'n v. Davis,* 476

5   U.S. 380, 394 (1986). Here, Plaintiff admitted in his Motion for TRO that his proposed claims in

6   the Second Amended Complaint fall within Sections 7 and 8 of the NLRA, Dkt. #45, at p. 8-9,

7   and that he has already filed a charge with the NLRB based on the same alleged facts, *id.* at p. 6.

8   Thus, Plaintiff's claims fall plainly within the scope of the NLRA and are preempted by federal

9   law. Because the Court lacks jurisdiction to hear Plaintiff's claims under RCW 49.32.020 and

10  RCW 49.36.010, the claims would subject to dismissal if added to Plaintiff's Complaint.

11  **E.    Plaintiff Cannot Bring a Harassment Claim Under RCW 10.14 Against Defendants**

12          Plaintiff seeks to assert a harassment claim under RCW 10.14 in his Second Amended

13  Complaint. Dkt. #42-1, at p. 64, ¶ 6.15. Such a claim is improper because "Washington does not

14  recognize a cause of action for damages for civil harassment." *Phillips v. World Publ'g Co.*, 822

15  F. Supp. 2d 1114, 1121 (W.D. Wash. 2011) (dismissing RCW 10.14 harassment claim). Rather,

16  RCW 10.14 "is intended to provide victims with a speedy and inexpensive method of obtaining

17  civil antiharassment protection orders," not to create civil liability for alleged harassers. *Id.*

18  (citing RCW 10.14.010). Thus, Plaintiff's RCW 10.14 harassment claim (distinct from his

19  malicious harassment claim, discussed below) does not provide an avenue for relief against

20  Defendants and the Court should deny Plaintiff's request to include the claim to his Second

21  Amended Complaint, as it would be futile.

22  **F.    Plaintiff Fails to State a Claim for Malicious Harassment Against Defendants Based
        on Anonymous Internet Posts**

23

24          Plaintiff asks this Court to allow him to amend his complaint to add a claim that

25  "Defendants" committed malicious harassment in violation of RCW 9A.36.080. Dkt. #42-1, at

26  pp. 52-54. Unlike the other criminal statutes upon which Plaintiff seeks to base his claims,

DEFENDANTS' OPPOSITION TO SECOND MOTION TO
AMEND COMPLAINT (No. 2:19-cv-00136-RSM)–6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   RCW 9A.36.083 allows an individual to bring a civil claim for malicious harassment based on

2   the same standard set forth in the criminal statute, RCW 9A.36.080. But, to state a claim for

3   malicious harassment, the plaintiff must show that the defendant physically injured him, caused

4   physical damage or destruction to his property, or threatened to inflict such an injury or damage

5   because of the plaintiff's race, color, religion, ancestry, national origin, gender, sexual

6   orientation, or mental, physical, or sensory handicap. *Smith-Jeter v. Artspace Everett Lofts*

7   *Condo.* Ass'n, No. C14-1584-JPD, 2016 WL 898543, at *12 (W.D. Wash. Mar. 9, 2016), aff'd,

8   689 Fed. Appx. 862 (9th Cir. 2017); *see also Ferguson v. O'Connor*, No. C12-1381RAJ, 2013

9   WL 234588, at *4 (W.D. Wash. Jan. 22, 2013) (granting motion to dismiss malicious harassment

10  claim where plaintiff failed to allege physical injury, damage to property, or threats to inflict

11  such damage by defendant). Here, Plaintiff's claim rests entirely on *anonymous* posts made in

12  online forums and he, therefore, fails to allege that any defendant injured him, damaged his

13  property, or threatened to inflict such damage because of his membership in a protected category.

14  Dkt. #42-1 at pp. 52-53, ¶ 266 (referring to internet posts). Indeed, Plaintiff admits that he

15  merely assumes that the identity of the various anonymous posters is defendant Khan. *Id.* ¶ 83

16  ("Presumption is the offender was Defendant Khan."). Plaintiff's "presumption" fails to connect

17  any of the alleged "threatening" comments based on race or national origin to defendant Khan or

18  to any other defendant — or even to anonymous "John Doe" Amazon employees. Without more,

19  Plaintiff has failed to state a claim against Defendants for malicious harassment, and allowing

20  him to supplement his Complaint with this claim would be an exercise in futility.

21  **G.   Plaintiff Fails to State a Cognizable Claim for Defamation Against Defendants
          Based on Anonymous Internet Posts**

22

23          Adding a claim of defamation to Plaintiff's Complaint would also prove to be futile

24  because Plaintiff's defamation claim is insufficient. He does not quote the allegedly defamatory

25  statements, nor does he identify which defendants are responsible for which statements. A

26  plaintiff bringing a defamation action must prove "four essential elements: falsity, an

DEFENDANTS' OPPOSITION TO SECOND MOTION TO
AMEND COMPLAINT (No. 2:19-cv-00136-RSM)–7

144707590.5

1    unprivileged communication, fault, and damages." *Mark v. Seattle Times*, 635 P.2d 1081, 1088

2    (Wash. 1981).

3           Here, the Court need not even consider the essential elements of the claim because

4    Plaintiff bases his claim solely upon anonymous internet posts, which Plaintiff does not quote

5    fully in his proposed amended complaint. See Dkt. #42-1 at p. 19, ¶ 79. The Court (and

6    Defendants), therefore, cannot ascertain the content of the allegedly defamatory statements, who

7    made them, or where they were made. While each shortcoming on its own would be fatal,

8    Plaintiff's proposed amended complaint falls short on all fronts. *See, e.g.*, *Oliver v. Spokane Cty.*

9    *Fire Dist. 9*, No. CV-12-00176-JLQ, 2013 WL 12354006, at *3 (E.D. Wash. June 18, 2013)

10   (denying motion to amend complaint to add a claim of defamation, holding that "[t]o establish a

11   defamation claim, a plaintiff must 'identify the precise statements alleged to be defamatory, who

12   made them and where'") (quoting *Castello v. City of Seattle*, No. C10-1457 MJP, 2011 WL

13   6000781, at *8 (W.D. Wash. Nov. 30, 2011), *aff'd*, 529 F. App'x 837 (9th Cir. 2013)).

14          This Court's decision in *Phillips v. World Publishing Company*, is illustrative here. 822

15   F. Supp. 2d at 1118-19. In *Phillips*, the Court dismissed the plaintiff's defamation claim against a

16   newspaper, the Tulsa World, because "[n]owhere [did] plaintiff separately identify the

17   statements allegedly made by the Tulsa World from the statements allegedly made by KIRO–

18   TV, the Seattle Times, or other media outlets." *Id.* at 1118. The Court concluded that

19   "[plaintiff's] defamation claim against the Tulsa World fails on this deficiency alone, as such

20   scattershot and unsubstantiated allegations cannot withstand a motion to dismiss." *Id.* Further,

21   the Court reasoned that "although plaintiff points to (unspecified) statements by the Tulsa World

22   as the source of the complaints filed against him by his former patients, this accusation is

23   completely implausible." *Id.*

24          Plaintiff's defamation claim is equally speculative and implausible. Plaintiff's claim rests

25   entirely on "scattershot and unsubstantiated" allegations involving anonymous posts made on

26   unspecified online forums. Dkt. #42-1 at p. 19, ¶¶ 81-82 (referring to posts attributed to

DEFENDANTS' OPPOSITION TO SECOND MOTION TO
AMEND COMPLAINT (No. 2:19-cv-00136-RSM)–8

144707590.5

anonymized posts on the third-party website https://www.teamblind.com and his own blog, www.churyumov.com). To prevail in a defamation claim, a plaintiff must identify the makers of the precise statements alleged to be defamatory. *Phillips*, 822 F. Supp. 2d at 1118. At most, Plaintiff makes the vague allegation he "presume[es]" Defendant Khan is the "offender" because Plaintiff believes Khan "posted comprehensive analysis of work done by Plaintiff at Amazon." Dkt. #42-1, at p. 20, ¶ 87. Plaintiff implies but does not actually allege that Khan posted all of the comments he believes are "defamatory." *Id.* at p. 21, ¶ 83 (stating "User 'dygGhU' made posts about Plaintiff's code, called him 'asshole,' … etc." and assuming that Khan is the user who posted information about Plaintiff's code). Plaintiff's assumption as to these vague statements is mere speculation, which is insufficient to state a claim of defamation against Khan or any other defendant. Plaintiff also fails to allege that any other individual defendants posted defamatory comments online. Dkt. #42-1, at p. 54, ¶ 277 (making allegations against "[e]mployees of Defendant Amazon" generally). Plaintiff's failure to identify the individuals who made the allegedly defamatory statements fatally undercuts his defamation claim.

Even if the Court were to entertain Plaintiff's assumption that Khan or any other Amazon employee posted the purported comments at issue, Plaintiff fails to otherwise allege facts sufficient to support a defamation claim. Contrary to Plaintiff's assertion, Dkt. #42-1, at p. 54, ¶ 275, the onus is on the plaintiff to "show the challenged statement was 'provably false'" in a defamation claim. *Phillips*, 822 F. Supp. 2d at 1118 (quoting *Schmalenberg v. Tacoma News, Inc.*, 943 P.2d 350, 357 (Wash. Ct. App. 1997)). Dkt. #42-1, at p. 54, ¶ 279. "Expressions of opinion are protected by the First Amendment" and are "not actionable." *Phillips*, 822 F. Supp. 2d at 1118 (a person's characterizations about the plaintiff's actions are not provably false) (internal quotation omitted). Plaintiff's proposed defamation claim rests on characterizations of Plaintiff as a "hypocrite," "liar," and "asshole." Dkt. #42-1 at pp. 54-55, ¶¶ 278, 282. Such remarks are reflective of the speakers' opinions, not assertions of fact. Thus, Plaintiff has not identified specific statements that can be proven false.

DEFENDANTS' OPPOSITION TO SECOND MOTION TO
AMEND COMPLAINT (No. 2:19-cv-00136-RSM)–9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   Plaintiff similarly fails to adequately plead defamation against Amazon as a corporate

2   entity by alleging that unknown employees made anonymous internet posts. Corporations may

3   only be vicariously liable for tortious actions of their agents when the agent "is acting on the

4   principal's behalf." *McGrane v. Cline*, 973 P.2d 1092, 1094 (Wash. Ct. App. 1999). An

5   employee is within the scope of employment if he is "(1) engaged in the performance of duties

6   required by his [] employment contract or specifically directed by the employer—i.e., fulfilling

7   his job functions, or (2) engaged in the furtherance of the employer's interests." *Evans v. Tacoma*

8   *Sch. Dist. No. 10*, 380 P.3d 553, 559 (2016) (Wash. Ct. App. 2016). Plaintiff has failed to allege

9   that Amazon directed the anonymous employees to post each comment on the internet or that the

10  posts, which are on online forums outside of Amazon's network, were done within each

11  anonymous employee's professional capacity or served Amazon's interests.

12   Accordingly, the Court should deny Plaintiff's request to supplement his Complaint with

13  a claim for defamation against Defendants.

14  **H.   Plaintiff's Outrage Claim Fails to State a Claim Upon which Relief Can be Granted**

15   If Plaintiff were allowed to amend his Complaint to add a claim of outrage, also referred

16  to as intentional infliction of emotional distress (or "IIED"), that amendment, too, would prove

17  to be futile. *See* Dkt. #42-1 at pp. 58-59, ¶ 6.14. To prevail on a claim of outrage, the plaintiff

18  must prove "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of

19  emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Trujillo v. Nw.*

20  *Tr. Servs., Inc.*, 355 P.3d 1100, 1110 (Wash. 2015) (quoting *Lyons v. U.S. Bank Nat'l Ass'n*, 336

21  P.3d 1142, 1151 (Wash. 2014)).

22   As a threshold matter, Defendants' alleged behavior is insufficiently outrageous to

23  support a claim for IIED. Although whether conduct is sufficiently outrageous is ordinarily a

24  question left to a trier of fact, "it is initially for the court to determine if reasonable minds could

25  differ on whether the conduct was sufficiently outrageous to result in liability." *Alvarez v.*

26  *Target Corp.*, No. 13-CV-0150-TOR, 2013 WL 4734123, at *3 (E.D. Wash. July 10, 2013)

DEFENDANTS' OPPOSITION TO SECOND MOTION TO
AMEND COMPLAINT (No. 2:19-cv-00136-RSM)–10

144707590.5

1   (dismissing IIED claim where the plaintiff failed to allege conduct that was sufficiently

2   outrageous). The standard for whether conduct is considered "outrageous" is a high one: "[I]t is

3   not enough that a defendant has acted with an intent which is tortious or even criminal, or that he

4   has intended to inflict emotional distress, or even that his conduct has been characterized by

5   'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for

6   another tort." *Johnson v. City of Olympia*, No. C17-5403-MJP, 2018 WL 4681554, at *2 (W.D.

7   Wash. Sept. 28, 2018) (citing *Grimsby*, 530 P.2d 291, 295 (Wash. 1975)) (internal quotation

8   omitted). Accordingly, "the tort of outrage 'does not extend to mere insults, indignities, threats,

9   annoyances, petty oppressions, or other trivialities.'"  *Kloepfel v. Bokor*, 66 P.3d 192, 632

10  (Wash. 2003) (quoting *Grimsby*, 530 P.2d at 295). "In this area plaintiffs must necessarily be

11  hardened to a certain degree of rough language, unkindness and lack of consideration." *Id. See*

12  *also Keenan v. Allan*, 889 F. Supp. 1320, 1390 (E.D. Wash. 1995) (claims that a supervisor

13  yelled at plaintiff-employee, criticized her work performance, called her "stupid," "airhead,"

14  "bimbo," and "idiot," and made derogatory comments based on the employee's sex were deemed

15  "not outrageous").

16       Plaintiff's factual allegations are essentially the same as those dismissed in *Keenan*.

17  Plaintiff alleges that anonymous individuals, some of whom may be affiliated with Amazon,

18  yelled at him, questioned his performance, called him a "little fool, freeloader, corrupt, tax

19  evader, hypocrite, liar [and] asshole," and threatened him. Dkt. #42-1, at p. 63, ¶¶ 308, 311. Such

20  allegations are not sufficiently outrageous to create liability for any individual defendants or

21  Amazon.

22       In any event, Plaintiff's proposed amended complaint fails to identify the individuals

23  whom he claims engaged in the allegedly "outrageous" conduct, and as such, Plaintiff cannot

24  establish a claim for outrage. Nor has Plaintiff alleged sufficient facts to hold Amazon

25  vicariously liable for any alleged actions by its own employees. *See Hui Son Lye v. City of*

26  *Lacey*, No. 3:11-CV-05983-RBL, 2013 WL 499815, at *9 (W.D. Wash. Feb. 8, 2013)

DEFENDANTS' OPPOSITION TO SECOND MOTION TO
AMEND COMPLAINT (No. 2:19-cv-00136-RSM)–11

144707590.5

1  (dismissing Plaintiff's outrage and other tort claims, reasoning that "[a] finding of employee

2  nonliability precludes any finding that the employer is liable, where liability is based solely on

3  the doctrine of respondeat superior.").

4      Accordingly, the Court should deny Plaintiff's second request to supplement his

5  complaint with this outrage claim.

6                    IV.    CONCLUSION

7      For the reasons set forth above, Defendants respectfully request that the Court deny

8  Plaintiff's Second Motion to Amend Complaint to the extent Plaintiff seeks to add criminal

9  claims, claims under state union laws, claims of defamation, outrage, and civil and criminal

10 harassment against all Defendants, and claims under the ADA against the seven individual

11 Defendants. Defendants take no position as to Plaintiff's remaining requests to supplement his

12 Complaint.

13

14 DATED:  July 1, 2019                    By:  s/ Linda D. Walton
                                          By:  s/ Lindsay J. McAleer
15                                        Linda D. Walton, WSBA #20604
                                          Lindsay J. McAleer, WSBA #49833
16

17                                        **Perkins Coie LLP**
                                          1201 Third Avenue, Suite 4900
18                                        Seattle, WA  98101-3099
                                          Telephone:  206.359.8000
19                                        Facsimile:  206.359.9000
                                          Email:  LWalton@perkinscoie.com
20                                                 LMcAleer@perkinscoie.com

21                                        Attorneys for Defendants
                                          Amazon Corporate LLC, Uwais Khan, Edwin
22                                        Mwango, Andrew Berg, Joe Resudek; Robin
                                          Mendelson, Jeff Bezos, and Beth Galetti
23

24

25

26

DEFENDANTS' OPPOSITION TO SECOND MOTION TO
AMEND COMPLAINT (No. 2:19-cv-00136-RSM)–12

144707590.5

1

## <u>CERTIFICATE OF SERVICE</u>

2

3          I hereby certify that on July 1, 2019, I caused to be served upon the party below, at the

4   address stated below, via the method of service indicated, a true and correct copy of the

5   foregoing document.

6          Oleg Churyumov                    ☐        Via Hand Delivery
7          1037 NE 65th St. #81067           ☐        Via U.S. Mail, 1st Class,
           Seattle, WA 98115                          Postage Prepaid
8          Telephone: (917) 514-1426         ☐        Via Overnight Delivery
           Email: oleg.churyumov@gmail.com   ☐        Via Facsimile
9                                            ☑        Via CM/ECF
           **Pro se Plaintiff**             ☐        Via E-Mail
10

11

12          **I certify under penalty of perjury under the laws of the State of
            Washington that the foregoing is true and correct.**

13          EXECUTED at Seattle, Washington, on July 1, 2019.

14

15                                    *s/ Lindsay J. McAleer*
                                      Lindsay J. McAleer #49833
16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE (No. 2:19-cv-
00136-RSM) –1

144707590.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000