THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OLEG CHURYUMOV

Plaintiff,


        v.

AMAZON CORPORATE;
UWAIS KHAN;
EDWIN MWANGO;
ANDREW BERG;
JOE RESUDEK;
ROBIN MENDELSON;
JEFF BEZOS;
BETH GALETTI

            Defendants.

CASE NO.: 2:19-cv-00136-RSM

PLAINTIFF'S REPLY TO MOTION FOR
LEAVE TO AMEND AND SUPPLEMENT
COMPLAINT
NOTE FOR MOTION CALENDAR:
07/05/2019

## Table of contents

**INTRODUCTION**                                                                          **2**

**ARGUMENT**                                                                              **2**

Offenders are anonymous because Defendants hide them and refuse to investigate            2

Defendants act in bad faith by hiding the offenders (Dkt. # 56 at p. 4 *2)                2

Plaintiff asked Defendants to investigate, but they failed (Dkt. # 42-1 ¶ 87)             2

Tech firm Amazon has capacity to identify offenders Dkt. # 42-1 at p. 22 ¶ 94             3

Defendants violate multiple laws by hiding the evidence                                   3

Partially hate speech was at Teamblind.com, and users can be subpoenaed                   3

There is a nexus between Defendants and illegal actions                                   4

Defendants are at fault for hiding the nexus evidence. FRCP 37(e), supra                  4

Plaintiff is not obliged to provide nexus details before the discovery                    4

Even if offenders are anonymous, there is a nexus with Amazon LLC                         4

Claims survive (Malicious harassment, Defamation, Outrage). Dkt. # 56 at pp. 7-13         5

Malicious harassment (Dkt. # 56 at pp. 7:22-8:20) claim is properly stated                5

Defamation (Dkt. # 56 at pp. 8:21-11:13) claim is properly stated                         6

Outrage (Dkt. # 56 at pp. 11:14-13:5) claim is properly stated                            6

**CONCLUSION**                                                                            **7**

# I.    INTRODUCTION

Plaintiff already responded in earlier Motions to the following allegations of Defendants:

- ADA has individual liability. Dkt. # 56 at p. 5:17. Responded in Dkt. # 30 at pp. 9:3-10:15.

- NLRA preempts RCW 49. Dkt. # 56 at p. 6:15. Responded in Dkt. # 49 at pp. 11:14-12:6.

However, Defendants never opposed the following facts (favorable for Plaintiff):

- Defendant Khan made online posts about Plaintiff. Dkt. # 42-1 at p. 23 ¶ 96. (Defendants

    argue with evidence sufficiency (Dkt. # 56 at p. 10:6), but Khan never denied fault)

- "Anonymous" offenders were actually employed by Amazon. Dkt. # 42-1 ¶ 81.

In this Reply, Plaintiff replies to following Defendants' allegations (Dkt. # 56 at pp. 7-13):

(A) Offenders are anonymous, thus claims are diminished. Dkt. # 56 at pp. 8:11, 9:4, 12:22.

(B) There is no nexus between Defendants (including John Does) and illegal actions.

(C) Claims don't survive under laws of malicious harassment, defamation and outrage.

# II.    ARGUMENT

## A.  Offenders are anonymous because Defendants hide them and refuse to investigate

### 1.  Defendants act in bad faith by hiding the offenders (Dkt. # 56 at p. 4 *2)

… Amazon cannot be expected to identify who, if any, of its hundreds of
thousands of employees made anonymous internet posts on third party websites…

Indeed, Amazon has "hundreds of thousands of employees". However in his Complaint

Plaintiff asked to preserve electronic logs of just single laptop of Khan. Dkt. 42-1 ¶ 88. On

03/07/2019 Plaintiff sent letter to preserve logs sufficient to identify offenders. Dkt. # 42-1 ¶ 92.

### 2.  Plaintiff asked Defendants to investigate, but they failed (Dkt. # 42-1 ¶ 87)

"Employer's duty to prevent harassment and discrimination is affirmativeand mandatory."

(*Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.*(2002) 103 Cal.App.4th 1021, 1035)

On 03/29/2019 along with unionizing call (Dkt. # 42-1 at p. 24 ¶ 100), Plaintiff escalated inactivity of HR to her supervisor. Then Defendants locked Plaintiff's email and laptop. *Id.*

### 3. Tech firm Amazon has capacity to identify offenders Dkt. # 42-1 at p. 22 ¶ 94

"Amazon Web Services" allows to host websites and track the activity. See https://docs.aws.amazon.com/elasticbeanstalk/latest/dg/using-features.logging.html:

> … environment generate logs that you can view to troubleshoot issues with your application or configuration files. Logs created by the web server, application server ... You can easily retrieve them…

### 4. Defendants violate laws by hiding the evidence (CFR, RCW, FRCP, RPC)

29 CFR § 1602.14 requires an employer to retain records relevant to a charge of employment discrimination. RPC 3.4 prohibits a lawyer unlawfully altering, destroying, or concealing documents or other material having potential evidentiary value. RCW 9A.72.150 prohibits tampering with "any article, object, document, record" if it is at the physical substance.

Courts recognized liability of a party to preserve the evidence. See e. g. *Wm. T. Thompson Co. v. General Nutrition Corp.*, 593 F. Supp. 1443 (C.D. Cal. 1984) at 1455:

> While a litigant is under no duty to keep or retain every document in its possession once a Complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.

Finally FRCP 37(e)(2)(A) provides that the Court

> upon finding that the party acted with the intent to deprive another party of the information's use in the litigation … may presume that the lost information was unfavorable to the party

### 5. Partially hate speech was at Teamblind.com, and users can be subpoenaed

See John Does case law in Dkt. # 42-1 ¶ 16. Plaintiff asked Teamblind to preserve data.

Court can compel to uncover this. See *Yelp Inc. v. Superior Court*, 17 Cal. App. 5th 1 (Ct. App. 2017). ("finding was sufficient to support the trial Court's order compelling Yelp to produce the subpoenaed documents [users identities]"). Defendants' Counsel Perkins Coie represented a party in *Yelp*, but failed to disclose this case in Dkt. # 56 in violation of RPC 3.3(a)(2).

**B.  There is a nexus between Defendants (Khan, Amazon, John Does) and illegal actions**

**1.  Defendants are at fault for hiding the nexus evidence. FRCP 37(e),** *supra*

Defendants allege in Dkt. # 56 at p. 8:17: "Plaintiff … fails to connect any of … "threatening" … to Defendant Khan or to any other Defendant — or even to anonymous John Doe". Nexus is admitted if Amazon hides evidence (*supra*). FRCP 37(e). Plaintiff listed nexus between harassment and John Does (Dkt. # 42-1 ¶ 78), Khan (*Id.* ¶ 83) and Amazon (*Id.* ¶ 81).

**2.  Plaintiff is not obliged to provide nexus details before the discovery**

Defendants claim Plaintiff "neither quotes the entirety of the purportedly defamatory statements at issue, nor specifies where each statement was posted." Dkt. # 56 at p. 3:9. But cf. FRCP 8(a)(2) requiring Complaint to be *short*. Specific facts are not necessary; the statement need only "give the Defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). All factual allegations set forth in the Complaint are taken as true and construed in the light most favorable to Plaintiff. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996).

**3.  Even if offenders are anonymous, there is a nexus with Amazon LLC**

Teamblind marked posts with "Amazon". Dkt. # 42-1 ¶ 81. "Anonymous nature of severe threats or acts of harassment may, in fact, heighten what is required of an employer... An

employer is not subject to a lesser standard simply because an anonymous actor is responsible for

the offensive conduct" *Pryor v. United Air Lines, Inc*., 791 F.3d 488 (4th Cir. 2015).

RCW 9A.08.030(2)(b) makes a Amazon guilty. See case law in Dkt. # 42-1 ¶¶ 329-331.

## C.  Claims survive (Malicious harassment, Defamation, Outrage). Dkt. # 56 at pp. 7-13

### 1.  Malicious harassment (Dkt. # 56 at pp. 7:22-8:20) claim is properly stated

Threats of violence as per RCW 9A.36.080(1)(c) are in Khan's posts. Dkt. # 42-1 ¶ 83.

Plaintiff suffered reasonable fear as per RCW 9A.36.080(1)(c). Dkt. # 42-1 ¶ 84, 85.

Discrimination by Khan since 2017 (Dkt. # 1-2 ¶¶ 76-91) confirms the racial hate. "It is

true that utterances by the Defendant may offer circumstantial evidence of discrimination or

victim selection, but as with employment discrimination, victim selection can be shown by a

pattern of conduct absent any speech." *State v. Talley*, 122 Wash.2d 192, 210, 858 P.2d 217

(1993). "The statements and actions of [Defendants] may be used as circumstantial evidence of

victim selection." *State v. Lynch*, 970 P.2d 769, 93 Wash. App. 716, 93 Wash. (Ct. App. 1999).

See also *Wisconsin v. Mitchell,* 506 U.S. 1033, 124 L.Ed.2d 436, 113 S.Ct. 2194 (1993) holding

that selection of a victim on the basis of a particular characteristic is behavior, not only speech.

Mwango confirmed: "Khan never treated other [Asian] team members like [non-Asian]

Churyumov." Dkt. # 1-2 ¶ 59. See similar in e. g. *State v. Read*, 261 P.3d 207, 163 Wash. App.

853 (Ct. App. 2011) ¶ 33: "[offender] did not … confront [Caucasian] … By contrast, after

[offender] saw [Black] he immediately … confronted."; *State v. Johnson*, 64 P.3d 88, 115 Wash.

App. 890 (Ct. App. 2003) at 89: "[offender] was very nice to [the male...] [a]nd not to [female]".

Khan prevented Plaintiff from asylum in the US, called to deport him. Dkt. # 1-2 ¶¶ 41,

43, 44, 57, Dkt. # 15-3 at p. 8, Dkt. # 42-1 ¶ 79. See similar *State v. Worl*, 794 P.2d 31, 58 Wash.

App. 443 (Ct. App. 1990) "you mother fuckers should all go back to Africa where you belong"; *State v. Kirk*, No. 60514-3-I (Wash. Ct. App. Nov. 24, 2008) "[n]o one wants you here… go back to where you came from"; *State v. Sallee*, No. 39327-1-II (Wash. Ct. App. Feb. 15, 2011) "you should go back to your country"; *State v. Gonce*, 403 P.3d 918, 200 Wash. App. 847 (Ct. App. 2017) "You don't belong in this country. Get out of here."

### 2.   Defamation (Dkt. # 56 at pp. 8:21-11:13) claim is properly stated

Defendants claim lack of "specific statements" (Dkt. # 56 at p. 10:26) but cf. Dkt. # 42-1 ¶ 278 and RCW 4.36.120. Here are a couple of "specific" ones: Exhibits A, B, C. Exhibits B and C are labelled by official Amazon accounts. Dkt. # 42-1 ¶ 81. E. g. defamation in Exhibit C is:

> He also filed a lawsuit against the governor, … and a counter-claim for libel was led against Churyumov… this was one of the reasons why he fled from Russia and sought asylum… [Plaintiff is] corrupt, and a malicious tax evader … or in other words, a hypocrite and a liar.

Defendants quote in Exhibit B 3rd source. The person who repeated defamation is liable. "The fact that the article was published previously by the Journal makes no difference. [Defendant] made a separate communication to a new audience when he posted to his website." *Momah v. Bharti*, 182 P.3d 455, 144 Wash. App. 731 (Ct. App. 2008). The Washington Supreme Court adopted and applied the single publication rule of Restatement (Second) of Torts § 577A in *Herron v. King Broadcasting Co.*, 109 Wash.2d 514, 521, 746 P.2d 295 (1987). The rule "states that any one edition of a book or newspaper, or any one radio or television broadcast, is a single publication." *Id.* (citing Restatement § 577A(3)).

Amazon waives its liability. Dkt. # 56 at p. 11:1 like Dkt. # 35 at p. 8:4. It is interest conflict. *Id.*, RPC 1.7. But Amazon is liable, employees acted in its interest. Dkt. # 42-1 ¶ 331.

### 3.   Outrage (Dkt. # 56 at pp. 11:14-13:5) claim is properly stated

Defendants rely on *Keenan v. Allan*, 889 F. Supp. 1320, 1390 (E.D. Wash. 1995) denying outrage. Dkt. # 56 at p. 12:12. Instead, *Contreras v. Crown Zellerbach Corp.*, 88 Wash.2d 735, 740, 565 P.2d 1173 (1977) is binding. BTW *Keenan* at 1389 relies on *Contreras*:

> the conduct must be such that a recitation of the facts to an average member of the community would arouse his resentment against [Defendant] and lead him to exclaim "Outrageous!"

99% of humans exclaim "Outrageous!" if they see: Plaintiff received many times a day during a month posts and speech of threats of violence, deportation (causing death in home country), tracking family, insults, mockery, defamation. Dkt. # 42-1 ¶¶ 78, 79, 102. When Plaintiff urgently needed restroom due to disability, Defendants locked it. *Id.* ¶ 102. *When Plaintiff was dying, Defendants intentionally mocked him. Id.* ¶¶ 85, 86. If this is not outrage, what is outrage? "Plaintiff[] must necessarily be hardened to a certain degree of rough language, unkindness and lack of consideration." *Kloepfel v. Bokor*, 66 P.3d 630, 149 Wash. 2d 192 (2003).

Khan's supervisor status gives added impetus to the claim of outrage. See case law in Dkt. # 42-1 ¶ 306. Intentional or willful acts, even those involving no physical impact and leading only to mental stress, resulted in a cause of action. See case law in *Id.* ¶ 302, 303.

### III.   CONCLUSION

Plaintiff respectfully requests that the Court grants leave to amend the Complaint.

Dated: July 05, 2019                            By: Oleg Churyumov
                                                1037 NE 65th St #81067 Seattle, WA 98115